IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **STEPHEN ANTHONEY EDWARDS,** § | | |
| **TDCJ No. 1260584,** § | | |
| § | | |
| **Plaintiff,** § | | |
| § | | |
| v. § | | **Civil Action No. 7:22-cv-00028-M-BP** |
| § | | |
| **JIMMY SMITH,** *et al.*, § | | |
| § | | |
| **Defendants.** § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* Plaintiff Stephen Edwards filed this action on March 28, 2022. ECF No. 1. His case was automatically referred to the undersigned that same day. ECF No. 2. Because Edwards did not pay the filing fee or file a long-form application to proceed in district court without prepaying fees and costs, the Court issued an Order and Notice of Deficiency on March 30, directing him to either pay the fee or apply to proceed *in forma pauperis* by April 20. ECF No. 4. When he did not comply, the Court issued a second Order and Notice of Deficiency on April 25, again directing him to either pay the fee or apply to proceed *in forma pauperis* by May 9. ECF No. 6. Both Orders and Notices of Deficiency warned Edwards that noncompliance may lead to a recommendation that his case be dismissed without further notice. *See* ECF Nos. 4, 6. To date, Edwards has not attempted to comply with the Court's Orders and has not submitted a pleading justifying his delay. Accordingly, the undersigned **RECOMMENDS** that Chief United States District Judge Barbara M. G. Lynn **DISMISS** this action **without prejudice** under Federal Rule of Civil Procedure 41(b).

The Court may dismiss an action whenever "the plaintiff fails to prosecute or to comply with [the Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). Edwards has not

complied with the Court's first Order and Notice of Deficiency (ECF No. 4) or the Court's second Order and Notice of Deficiency (ECF No. 6), warranting his case's dismissal. Despite being afforded multiple opportunities to comply, Edwards has indicated no willingness to do so and has not submitted any pleading requesting additional time or explaining the delay.

The Fifth Circuit prefers dismissals without prejudice under Rule 41(b). *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). Dismissals with prejudice are "reserved for the most egregious of cases, usually cases where the requisite factors of clear delay and ineffective lesser sanctions are bolstered by the presence of at least one of the aggravating factors." *Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982). "Those aggravating factors include (1) delay resulting from intentional conduct, (2) delay caused by the plaintiff personally, and (3) delay causing prejudice to the defendant." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Morris v. Ocean Sys., Inc.*, 730 F.2d 248 (5th Cir. 1984)). Indeed, "a dismissal with prejudice will be affirmed *only* if: (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) lesser sanctions would not serve the best interests of justice. Because this test is conjunctive, both elements must be present." *Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014) (citing *Sealed Appellant v. Sealed Appellant*, 452 F.3d 415, 417 (5th Cir. 2006)).

This case does not implicate two of the three *Boudwin* factors. Nothing indicates anyone other than Edwards caused the delay, thus satisfying the second factor. *Boudwin*, 756 F.2d at 401. But nothing shows the delay is attributable to intentional conduct, thus failing to satisfy the first factor. *Id.* And the early stage of this proceeding means the delay has caused no prejudice to Defendants, thus failing to satisfy the third factor. *Id.* Although there is a clear record of delay, nothing indicates *both* contumacious conduct on Edwards's part *and* the inefficacy of lesser

sanctions. *See Coleman*, 745 F.3d at 766. Thus, the Court should dismiss Edwards's action without prejudice.

Edwards repeatedly failed to comply with Court Orders, despite being granted multiple chances to do so. Thus, his case should be dismissed under Federal Rule of Civil Procedure 41(b). Nonetheless, nothing indicates "contumacious conduct" on Edwards's part or hints that a dismissal without prejudice would not serve the interests of justice. Therefore, the dismissal should be without prejudice. *See Coleman*, 745 F.3d at 766; *Rogers*, 669 F.2d at 320. Accordingly, the undersigned **RECOMMENDS** that Chief Judge Lynn **DISMISS** this case **without prejudice** under Federal Rule of Civil Procedure 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on May 11, 2022.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

4